1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

11
12
13

DEAN ALLEN STEEVES, Acting
Trustee of Brother's Keeper
Ministries

                              Plaintiff,

14
15

v.

INTERNAL REVENUE SERVICE

16
17

                              Defendant.

Case No.:   20cv978-LAB

**ORDER DENYING MOTION FOR RECONSIDERATION; AND**

**ORDER REQUIRING SUBSTITUTION OF COUNSEL**

18      The Court on June 2 ordered Plaintiff Dean Steeves to retain and substitute

19   counsel immediately. His new attorney was required to substitute in as counsel no

20   later than June 15, 2020.

21      Steeves instead filed a response, asserting that the organization he purports

22   to represent, Brother's Keeper Ministries, as a matter of law is not required to be

23   represented by an attorney. This motion for reconsideration violates the Court's

24   standing order in civil cases, ¶3(e). Furthermore, the motion is meritless.

25      Only natural persons can appear *pro se* in federal court; any kind of

26   organization, however it is denominated, must be represented by counsel. *See*

27   *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194,

28   217 (1993) ("[A] corporation, partnership, or association may appear in federal

1    court only through licensed counsel . . . ."); *D-Beam Ltd. Partnership v. Roller*

2    *Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004) ("It is a longstanding rule

3    that corporations and other unincorporated associations must appear in court

4    through an attorney.") (alterations and internal quotation marks omitted). The fact

5    that an organization is not registered, officially recognized, or organized under

6    some law (*e.g.*, incorporated) makes no difference.  *See Rowland*, 506 U.S. at

7    196, 201–03 (association of prison inmates could not proceed *pro se*);[1] *Sewer Alert*

8    *Committee v. Pierce County*, 791 F.2d 796, 798 n.2 (9th Cir. 1986) (holding that

9    non-attorneys could not represent *ad hoc* committee of residents). This applies

10   equally to churches and religious bodies. *Gen. Conf. Corp. of Seventh-Day*

11   *Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230

12   n.1 (9th Cir. 1989); *Church of the New Testament v. United States*, 783 F.2d 771,

13   773–74 (9th Cir. 1986).

14         This is not the first time Steeves has been ordered to retain counsel on behalf

15   of the Ministry. In a previous related case, 20cv204-LAB (BGS), *Steeves v. Internal*

16   *Revenue Service*, Steeves was ordered to retain counsel, and did so.

17         In order to avoid a judgment by forfeiture, the Court *sua sponte* extends the

18   deadline for Plaintiff's attorney to substitute in, until **June 22, 2020**.   Because

19   Steeves has apparently spent the time he was given drafting his motion for

20   reconsideration, he should not expect that any more extensions will be granted.

21   / / /

22   / / /

23   / / /

24   / / /

25   _____

26

27   [1] The Supreme Court treated it as obvious that only natural persons, that is

28   individuals, could appear *pro se*. *See United States v. Havelock*, 664 F.3d 1284,
     1290 (9th Cir. 2012) (interpreting *Rowland*).

20cv978

1   The Court intends to decide this action on the merits, if possible.  At the same
2   time, the Court does not intend to allow this case to linger on the docket and
3   needlessly delay the IRS's investigation. If Steeves does not comply with this
4   order, this action will be dismissed for failure to prosecute.

5

6   **IT IS SO ORDERED**.

7   Dated:  June 16, 2020

8

9   Honorable Larry Alan Burns
    Chief United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

20cv978