UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN ALLEN STEEVES, Acting Trustee of Brother's Keeper Ministries<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE<br><br>Defendant. | Case No.:  20cv978-LAB<br><br>**ORDER DENYING AMENDED PETITION; AND**<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Plaintiff filed a motion to quash a May 6, 2020 I.R.S. summons on Wells Fargo Bank, in connection with an investigation of Camp Noble, Inc. Because of a scrivener's error in the summons, Wells Fargo notified the I.R.S. that it would not produce the requested information, though it was willing to comply with a summons allowing it the appropriate time to respond. The government then withdrew the May 6 summons.

On June 25, 2020, the I.R.S. issued a new summons to Wells Fargo, which was served on Wells Fargo and mailed to Camp Noble, Inc. and Plaintiff Dean Steeves that same day.

Because Steeves had suggested that Wells Fargo might not comply with the May 6 summons, the Court on July 1 ordered his counsel to confirm whether the

motion was moot. On July 9, Steeves filed a response informing the Court that the May 6 summons had been withdrawn, but that a new summons (the June 25 summons) had been issued. His response also included a request that the Court treat the new subpoena as a revision of the previous subpoena, "subject to the Court's jurisdiction in this case." (Docket no. 9 at 2:1–4.) He also requested an extension until July 23 to submit his revised motion to quash, which he believed would be timely. The Court by minute order permitted him to file his revised motion by July 23. The Court did not, however, decide whether the revised motion he intended to file would be timely or meritorious. Nor could it have decided the issue of timeliness because Steeves' response did not disclose when notice was mailed to him.

The I.R.S. then filed a motion to dismiss the action as frivolous and for lack of jurisdiction, and Steeves filed an opposition on August 31. But because it appeared he might have filed it in haste while under the impression the deadline was shorter than it actually was, the Court gave him leave to withdraw and amend it. (Docket no. 20.) If he wanted to do so, however, he was to have filed a notice by October 1; his decision not to file a notice by October 1 would be construed as a decision to stand on the opposition as filed. (*Id.*) Steeves has not filed the required notice, nor has he filed anything else. The Court therefore accepts his August 31 opposition as giving his position on the motion to dismiss.

**Discussion**

Steeves' amended motion to quash argues that the I.R.S. has no authority to investigate Camp Noble, because it is "an unregistered Private Ministry/Church," which he argues is exempt not only from filing requirements and taxation, but also exempt from I.R.S. scrutiny or inquiry. He supports Public Law 91-72, 83 Stat., Sections 508(c)(1)(A) and 6033(a)(2)(A)(i) (*i.e.*, 26 U.S.C. §§ 508(c)(1)(A) and 6033(a)(2)(A)(i)), and argues that these statutes mean the I.R.S. cannot inquire into Camp Noble's finances. His opposition reiterates these arguments.

In fact, these two sections merely exempt churches and certain other religious bodies from the necessity of applying for recognition of their exempt status under § 501(c)(3) and from requirements that they file tax returns. Nothing in either statute suggests that a bank's financial records concerning the financial activity of a religious organization are exempt from investigation.

Steeves' motion to quash also cites *Bothke v. Fluor Eng'rs & Constructors*, 713 F.2d 1405, 1414 (9th Cir. 1983) for the proposition that I.R.S. officers that cannot conduct investigations until they first establish tax liability. *Bothke* does not stand for this proposition, however. Rather, the portion of holding Steeves cites deals with statutory authorization for levies on an allegedly delinquent taxpayer's property, which has not happened here. The I.R.S. has broad investigative authority, including the authority to examine records or witnesses in order to determine whether tax liability exists or to make a return where none has been made. *See* 26 U.S.C. § 7602(a).

In short, Steeves' arguments have no basis in law, and are frivolous.

Furthermore, the government's motion provides evidence that Camp Noble is in fact a for-profit defense contractor doing business as 3-D Marketing and is registered as a California corporation. The supporting evidence shows that Camp Noble has been contracting and receiving payments, including checks from the U.S. Department of Defense, from 2006 through this year. The government also provides evidence that Camp Noble filed federal tax returns in 2009 and 2010. Steeves' opposition does not address this, but merely reasserts that Camp Noble is the integrated auxiliary of a church.

The Court need not reach the merits, however, because the government's motion shows that Steeves did not comply with jurisdictional requirements. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 93–94 (1998) (holding that courts are obligated to confirm their own jurisdiction before reaching the merits). Ordinarily the United States' sovereign immunity would deprive the Court of

jurisdiction. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The United States has waived its immunity to a limited extent under 26 U.S.C. § 7609, which authorizes a motion to quash an I.R.S. summons. But when the government waives its immunity and consents to be sued, limitations and conditions placed on that waiver must be strictly observed. *Soriano v. United States*, 352 U.S. 270, 276 (1957). This requires, among other things, strict compliance with notice requirements and deadlines. *See Mollison v. United States*, 568 F.3d 1073, 1075–77 (9th Cir. 2009) (analyzing whether movant had complied with § 7609's formal requirements, such that the district court could exercise jurisdiction over the motion to quash). Jurisdiction is presumed to be lacking, until the party invoking it (here, Steeves) establishes it. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994).

The government's motion points out that a motion to quash must be filed within 20 days after notice of the summons is mailed to the taxpayer or other notified person. *See* § 7609(a)(2) and (b)(2)(A); *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985). The relevant date is the date notice was mailed or otherwise served, not the date it was received. *See* § 7609(a)(2). The government's motion cites evidence that the notice was mailed on June 25, 2020. (*See* Docket no. 15-2 (Declaration of Revenue Agent), ¶¶ 31, 32.) Steeves therefore had until July 15 to file his motion to quash.

The government's motion addresses the possibility that when it granted Steeves' request for more time to file an amended motion (Docket no. 9), the Court intended to extend the statutory 20-day time limit. That was not the Court's intent, nor did the Court have authority to extend the time limit. *See Soriano*, 568 F.3d at 1075 (holding that courts must not imply exceptions to conditions on waiver of sovereign immunity). Steeves could not have reasonably expected the Court to calculate the deadline for him. *See Jacobsen v. Filler*, 790 F.2d 1326, 1364–65 (9th Cir. 1986) (observing that it is not the role of a trial court to intervene by

correcting a litigant's mistakes). And in any event, the Court could not have calculated the deadline because Steeves' request did not disclose the date the notice was mailed to him. The request merely suggested that if he filed it by the deadline he requested, it would be timely.

Steeves' opposition does not address this jurisdictional defect, which amounts to a concession of this point. *See, e.g. Johnson v. Macy*, 145 F. Supp. 3d 907, 918 (C.D. Cal. 2015) (treating failure to address opponent's argument in opposition as a concession of that claim). He has not met his burden of establishing jurisdiction. *See Kokkonen*, 511 U.S. at 378.

**Conclusion and Order**

For these reasons, Defendant's motion to dismiss is **GRANTED**. The amended motion to quash (Docket no. 11) is **DENIED** for lack of jurisdiction, and this action is **DISMISSED WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED**.

Dated:  October 6, 2020

Honorable Larry Alan Burns
Chief United States District Judge